UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-2442(L), 21-3148(con), 23-6185(Con)

**Caption [use short title]**

**Motion for:** to consdier appellant's pro se filing entered on docker 21-2442 on June 8, 2023 (emtry # 155-2).

**Set forth below precise, complete statement of relief sought:**
Counsel to appellant Salim asks this Court to consdier Salim's pro se filing entered on docket # 21-2442 on June 8, 2023 at entry # 155-2.

United States v. Mamdouh Mahmud Salim

**MOVING PARTY:** Mamdouh Mahmud Salim
**OPPOSING PARTY:** The United States of America

☐ Plaintiff  ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Andrew Freifeld
**OPPOSING ATTORNEY:** US Attorney for the SDNY
[name of attorney, with firm, address, phone number and e-mail]

PO Box 3196, NY, NY 10008
917-553-6030
andrew.freifeld@yahoo.com

AUSA Stephen Ritchin, One St. Andrews Plaza, NY, NY 10007
212-637-2200
stephen.ritchin@usdoj.gov

**Court- Judge/ Agency appealed from:** USDC for the SDNY -- Judge Lewis A. Kaplan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☐ No If yes, enter date:

**Signature of Moving Attorney:** [signature]
**Date:** June 21, 2023
**Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

------------------------------------------------------------:
United States of America, :
                     Appellee, :
                                         :   ## 21-2442(L),
vs.                                    :   21-3148(CON),
                                         :   23-6185(CON)
Mamdouh Mahmud Salim, :
              Defendant-Appellant. :
------------------------------------------------------------:

DECLARATION OF COUNSEL IN SUPPORT OF HIS
MOTION ASKING THE COURT TO CONSIDER SALIM'S
PRO SE FILING DATED MAY 23, 2023, ENTERED ON
DOCKET # 21-2442 ON JUNE 8, 2023 (ENTRY # 155-2)

ANDREW H. FREIFELD, Esq., hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 to the truth of the following:

1. A member of the bar of this Court since 1991, I am CJA counsel to appellant Mamdouh Mahmud Salim on this appeal pursuant to an order of this Court dated June 24, 2022. I submit this declaration in support of my motion asking the Court to consider Salim's pro se filing dated May 23, 2023, which was entered on this Court's docket # 21-2442 on June 8, 2023 (docket entry # 155-2) (the Pro Se Filing") The government opposes this motion.

2. I filed Salim's brief and appendix on April 25, 2023. The government's brief is due on or before July 25, 2023. Salim is currently serving a sentence of life imprisonment, imposed in *United States v. Salim*, # 01-cr-002-MKV (SDNY),

1

affirmed in *United States v. Salim,* 690 F.3d 115 (2d Cir. 2012), *cert. denied,* 133 S.Ct. 901 (2013).

3. By the Pro Se Filing, Salim asks this Court to consider the following in connection with this appeal: (i) Point III of defendant's pro se brief on appeal, entered on the Court's docket # 21-2442 on January 19, 2022 (docket entry # 40 at pages 19-20); (ii) a letter from Louis V. Fasulo to Salim dated May 23, 2019 (attached as Exhibit A hereto), and, (iii) a declaration of Louis V. Fasulo dated February 14, 2023 (attached as Exhibit B hereto).

## Background

4. At the district court here, Salim was represented by Louis V. Fasulo ("Fasulo") under the auspices of the Criminal Justice Act (the "CJA"). On May 8, 2019, the district court granted the government's motion, pursuant to Fed. R. Crim. P. 48(a), for leave to file a nolle prosequi without prejudice; the order granting leave and the nolle prosequi are the same document (A:127-30) (the "May 8 Order").[1]

5. Following the dismissal, Salim pro se sought relief from the May 8 Order at the district court. He also filed two pro se notice of appeal of the May 8 Order, one on September 24, 2021 (2d Cir. Dkt. # 21-2442) and the other one on

---

[1] As used herein, a number following "A" refers to the page number(s) of the appendix that I filed on this appeal on April 25, 2023 (docket entry # 140).

2

December 14, 2021 (2d Cir. Dkt # 21-3148), which were consolidated. On January 19, 2022, Salim filed a brief here in support of the appeals. (#21-2442, entry # 40) By order entered June 24, 2022, the court appointed me as counsel pursuant to the CJA. (*Id.* at # 90)

6. In an order entered March 14, 2023, the court asked whether I intended to supplement or replace Salim's pro se brief. (*Id.* at # 128) By letter filed March 22, 2023, I informed the Court that I intended to replace Salim's pro se brief. (*Id.* at # 129) By order entered March 22, 2023, the Court deemed Salim's pro se brief withdrawn. (*Id.* at # 132)

7. My examination of the record below showed that colorable issues to appeal included: (i) Salim was not afforded the opportunity to oppose the government's Rule 48(a) motion, and (ii) the motion should have been denied and instead an order should have entered directing the government to try the case, or dismissing with prejudice. *United States v. Derr*, 726 F. 2d 617, 619 (10th Cir. 1984) (had the government's Rule 48(a) motion to dismiss without prejudice been denied, its "only alternatives would have been to try [the] case … or to move to dismiss the indictment with prejudice".

8. Unfortunately, I concluded that the untimely filed notices of appeal likely meant that this Court would not consider the issues, regardless of their merit. When I asked Salim why his notices were untimely, he told me that his counsel,

3

Fasulo, never informed him that he had the right to notice the appeal, nor of any time limitations associated therewith. In an effort to salvage the appeal, I thereafter prepared a petition for a writ of error *coram nobis* for Salim to file with the district court *pro se,* seeking, *inter alia*, an extension of time to file a timely notice of appeal on the ground that Fasulo had been negligent in failing to advise Salim of his right to appeal the May 8 Order.

9. The petition was filed with the district court on January 31, 2023. (A:145-65) The district court denied the petition summarily by order entered February 21, 2023. (A:166-67) A notice of appeal of the order was filed on February 23, 2023 (A:168) (2d Cir. Dkt. # 23-6185), which appeal was consolidated with the ## 21-2442 and 21-3148. (#21-2442, entry # 132)

10. As noted, I filed the brief on this appeal on April 25, 2023. (docket # 21-2442, entry # 141) The brief urges argues that the district court committed three errors: (i) failing to accord Salim the opportunity to oppose the government's motion for leave to file a nolle prosequi with prejudice, when he could have urged that the nolle prosequi enter with prejudice, (ii) declining to decide Salim's pro se motion for substitution of his CJA counsel, Fasulo, and (iii) denying his petition for a writ of error *coram nobis*, which sought, *inter alia*, the opportunity to file a timely notice of appeal from the order granting the government's motion for leave to file a nolle prosequi with prejudice.

4

1. The Court Should Consider Point III
in Salim's Pro Se Brief, Filed Here On
<u>January 19, 2022 (docket entry 40)</u>

11. By the Pro Se Filing, Salim asks the court to consider Point III of defendant's pro se brief on appeal (#21-2442, entry # 40) when considering this appeal. I join in his application as follows.

12. As the brief that I filed shows (#21-2442, entry # 141), a petitioner seeking *coram nobis* relief must establish that she continues to suffer legal consequences that will be relieved if the petition is granted. Salim states in Point III of his pro se brief that he is informed that the government has asked the Federal Bureau of Prisons to inform the government in the event that he is released. Salim argues credibly that the government wishes such notice so that it can refile these charges in the event that Salim is released. He likens the notice to the Sword of Damocles hanging over him.[2]

13. I agree with Salim that he suffers prejudice by virtue of the government's purpose to refile charges here in the event that he is released from prison, a looming threat that will cease if he is afforded the opportunity to oppose

---

[2] A sentence to imprisonment for life doesn't mean the prisoner will never be released. For example, a life sentence is no bar to an order granting compassionate release under 18 USC § 3582(a) *E.g., United States v. Parker,* 461 F. Supp. 3d 966 (C.D. Cal. 2020); *United States v. Wong Chi Fai,* 92-cr-1340-RJD (EDNY 2019).

the Rule 48(a) and wins. Therefore, I urge the Court consider Point III of his pro se brief.

    2.    The Court Should Consider Fasulo's Letter to Salim
           dated May 23, 2019 (attached as Exhibit A hereto)

14. By the Pro Se Filing, Salim asks the court to consider a letter from Fasulo to Salim dated May 23, 2019 (attached as Exhibit A hereto). I join in his application as follows.

15. As we urge in the brief I filed, the reasons that Salim was deprived of the opportunity to oppose the government's Rule 48(a) motion include Fasulo's unawareness that Salim had the right to oppose the motion, and to urge entry instead of a nolle prosequi with prejudice. We also rely on this reason to urge relief based on Fasulo's constitutional ineffectiveness.

16. Exhibit A hereto is Fasulo's letter to Salim of May 23, 2019 informing Salim that a nolle prosequi had entered. In the letter, Fasulo states that entry of the nolle prosequi "completes the legal battle" on the case. But that representation is not true because the dismissal was without prejudice. *United States v. Ortega-Alavarez,* 506 F. 2d 455, 458 (2d Cir. 1974) (per curiam), *cert. denied sub nom. Alvarez v. United States,* 421 U.S. 910 (1975) (an order granting a Rule 48(a) motion "is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated").

6

17. This court should consider Exhibit A hereto as it constitutes support for our claim that Fasulo did not know that Salim had the right to oppose the government's Rule 48(a) motion, as well as Salim's claim that Fasulo was constitutionally ineffective.[3]

3. The Court Should Consider Fasulo's Declaration
   Dated February 14, 2023 (attached as Exhibit B hereto)

18. By the Pro Se Filing, Salim asks the court to consider a Fasulo's declaration dated February 14, 2023 (attached as Exhibit B hereto). I join in his application as follows.

19. As we urge in the brief I filed, the reasons that Salim was deprived of the opportunity to oppose the government's Rule 48(a) motion include Fasulo's unawareness that Salim had the right to oppose the motion (and to urge instead the entry of a nolle prosequi with prejudice). We also rely on this reason to urge relief based on Fasulo's constitutional ineffectiveness.

20. I asked Fasulo to sign the declaration (although the declaration that he delivered was worded differently than I'd proposed). In the declaration as delivered Fasulo states: "Prior to entry of the May 8, 2019 order dismissing the case, I did not

---

[3] The letter was not included in Salim's petition for a writ of *coram nobis* because I only first saw it after the January 31, 2023 filing of the petition, and did not have adequate time to amend the petition with the letter before the February 21, 2023 entry of the order denying the petition.

7

inform Salim that he had the right to oppose the government's request for a dismissal, and to seek instead an order directing the case to trial, or dismissing with prejudice".

21. This Court should consider the declaration because it supports our assertion in the brief that Fasulo was unaware that that Salim had the right to oppose the Rule 48(a) motion.[4]

22. For these reasons, and for those that to the Court may seem just and proper, upon determining this appeal, this Court should consider (i) Point III of defendant's pro se brief on appeal, entered on the Court's docket # 21-2442 on January 19, 2022 (docket entry # 40 at pages 19-20); (ii) a letter from Louis V. Fasulo to Salim dated May 23, 2019 (attached as Exhibit A hereto), and, (iii) a declaration of Louis V. Fasulo dated February 14, 2023 (attached as Exhibit B hereto).

Dated: June 21, 2023
New York, New York

*Andrew H. Freifeld*

---

[4] The declaration was not included in Salim's petition for a writ of *coram nobis* because I only first saw it after the January 31, 2023 filing of the petition, and did not have adequate time to amend the petition with the declaration before the February 21, 2023 entry of the order denying the petition.

8

# EXHIBIT A

Case 21-2442, Document 158, 06/21/2023, 3531594, Page10 of 13

**FBD**

FASULO BRAVERMAN & DI MAGGIO, LLP

ATTORNEYS AT LAW

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY & MA

www.FBDMLaw.com

May 23, 2019

Mamdouh Salim,
Reg. No: 42426-054
USP FLORENCE ADMAX
U.S. PENITENTIARY
PO BOX 8500
FLORENCE, CO 81226

Re: *United States v. Mamdouh Salim*
Case No.: 98 Cr. 1023

Dear Mamdouh,

As you know, we have been in negotiation with the Government to obtain a resolution of this matter. We are happy to announce that a non-prosecution agreement was accepted by the Court and, as a result, your case out of the Southern District of New York will be dismissed. This completes the legal battle on the criminal case matter out of Southern District of New York.

If you have any questions, or require any additional information, please do not hesitate to contact me.

Very truly yours,

s/ Louis V. Fasulo
Louis V. Fasulo, Esq.
Fasulo Braverman & Di Maggio, LLP
225 Broadway, Suite 715
New York, New York 10007
Tel. 212-566-6213

225 Broadway, Suite 715
New York, New York 10007
Tel (212) 566-6213
Fax (212) 566-8165

505 Eighth Avenue, Suite 300
New York, New York 10018
Tel (212) 967-0352
Fax (201) 596-2724

Post Office Box 127
Tenafly, New Jersey 07670
Tel (201) 569-1595
Fax (201) 596-2724

8

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
United States of America,    98-CR-1023-12 (LAK)

vs.

Mamdouh Mahmud Salim,

                Defendant.
------------------------------------------------------------X

## DECLARATION OF LOUIS V. FASULO

LOUIS V. FASULO, Esq., hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746, to the truth of the following:

1. I am a member of the bar of this Court. I was counsel to defendant Mamdouh Mahmud Salim in this action from December 12, 2016 (doc. 2052) to May 8, 2019, when the court granted the government's request for leave of court to dismiss (nolle prosequi) the case. (docs. 2112, 2114)

2. Prior to entry of the May 8, 2019 order dismissing the case, I did not inform Salim that he had the right to oppose the government's request for a dismissal, and to seek instead an order directing the case to trial, or dismissing without prejudice.

Dated:    February 14, 2023
              New York, New York

                                                              Louis V. Fasulo