UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | AFFIRMATION IN OPPOSITION TO MOTION TO CONSIDER SALIM'S *PRO SE* FILING |
| | : | |
| | : | |
| Appellee, | : | |
| | : | |
| -v.- | : | |
| | : | Docket Nos. 21-2442(L), 21-3148(CON), 23-6185(CON) |
| MAMDOUH MAHMUD SALIM, | : | |
| also known as Abu Hajer al Iraqi, | : | |
| also known as Abu Hajer, | : | |
| | : | |
| Defendant-Appellant. | : | |

-------------------------------------------------------X

| | |
|---|---|
| STATE OF NEW YORK | ) |
| COUNTY OF NEW YORK | )   ss.: |
| SOUTHERN DISTRICT OF NEW YORK | ) |

STEPHEN J. RITCHIN, pursuant to 28 U.S.C. § 1746, hereby affirms under penalty of perjury:

1.    I am an Assistant United States Attorney in the Office of Damian Williams, United States Attorney for the Southern District of New York. I am the Assistant United States Attorney with principal responsibility for the above-captioned appeals. I submit this affirmation in opposition to Defendant-Appellant Mamdouh Mahmud Salim's motion, dated June 21, 2023, asking this Court to consider Salim's *pro se* filing entered on docket number 21-2442 on June 8, 2023, at docket entry number 155-2.

2.      Salim appeals from an order entered on February 21, 2023, in the United States District Court for the Southern District of New York, by the Honorable Lewis A. Kaplan, United States District Judge, denying Salim's petition for a writ of error *coram nobis*. Salim also purports to appeal from another order entered in the same court by Judge Kaplan on May 8, 2019, granting the Government leave to dismiss indictments against Salim, but Salim filed no notice of appeal from that order.

3.      Indictment S10 98 Cr. 1023, filed on March 12, 2001, charged Salim in four counts, all related to his role in al Qaeda (the "al Qaeda Indictment"). Count One charged Salim with conspiracy to kill United States nationals, in violation of 18 U.S.C. § 2332(b). Count Three charged Salim with conspiracy to murder, in violation of 18 U.S.C. §§ 1114, 1116, and 1117. Count Five charged Salim with conspiracy to destroy buildings and property of the United States, in violation of 18 U.S.C. § 844(n). Count Six charged Salim with conspiracy to attack U.S. national defense utilities, in violation of 18 U.S.C. §§ 2155(a) and (b).

4.      A separate indictment, Indictment S1 01 Cr. 02 filed on May 7, 2001, charged Salim in ten counts, all of which related to his assault on Corrections Officer Louis Pepe at the Metropolitan Correctional Center in Manhattan, during which Salim stabbed Officer Pepe in the eye and brain with a sharpened plastic comb. On April 3, 2002, Salim pleaded guilty to Counts Three and Four of Indictment S1 01

Cr. 02. Count Three charged Salim with conspiring to murder a federal official while such official was engaged in, and on account of, the performance of official duties, in violation of 18 U.S.C. § 1117. Count Four charged Salim with the attempted murder of a federal official, in violation of 18 U.S.C. §§ 1114, 1114(1) and 2. After an initial sentencing and an appeal that resulted in a remand for resentencing, on August 31, 2010, the Honorable Deborah A. Batts, United States District Judge, resentenced Salim to life imprisonment. *See United States v. Salim*, 690 F.3d 115 (2d Cir. 2012). Salim is serving that life sentence.

5.      With leave of Judge Kaplan, a nolle prosequi with respect to the al Qaeda Indictment and five earlier indictments of Salim in the same case (collectively, the "al Qaeda Indictments") was entered on May 8, 2019. (D.C. Dkt. 2114).[1]

6.      In a *pro se* motion filed before Judge Kaplan on October 27, 2020, Salim sought "estoppel against govt. from using the nolprossed indictment against deft, or, as alternative, to give deft his constitutional right to prove his innocence." (D.C. Dkt. 2160 at 1).[2] In particular, Salim complained that the allegations in the al

---

[1] "D.C. Dkt." refers to an entry on the District Court's docket in 98 Cr. 1023; "Dkt." refers to an entry on this Court's docket in 21-2442. Unless otherwise noted, citations omit internal quotation marks, record and case citations, footnotes, and previous alterations.

[2] This page number, and the page numbers in other citations that follow to filings in the District Court or this Court, refer to the page numbers at the top of each page of the entire filing.

Qaeda Indictments were used in support of the continuation of the special administrative measures applied to him in prison and as part of a response by the United States Attorney's Office for the Southern District of New York to an unspecified "Deft's motion." (D.C. Dkt. 2160 at 2). On October 30, 2020, Judge Kaplan denied the motion. (D.C. Dkt. 2161).

7. Salim twice sought, and Judge Kaplan twice denied, reconsideration of Judge Kaplan's denial of Salim's motion for estoppel against the Government. (D.C. Dkt. 2173, 2192, 2193). In a Notice of Appeal filed *pro se* in the District Court on September 24, 2021, Salim noticed his appeal from Judge Kaplan's denial of his second motion for reconsideration. (D.C. Dkt. 2196). That notice of appeal was docketed in this Court under docket number 21-2442. (Dkt. 1-1).

8. In a Notice of Appeal filed *pro se* in the District Court on December 14, 2021, Salim noticed his appeal from Judge Kaplan's denial of his first motion for reconsideration. (D.C. Dkt. 2208). That notice of appeal was docketed in this Court under docket number 21-3148. (Dkt. 26-1).

9. Salim filed two *pro se* briefs in this appeal, on November 23, 2021 and January 19, 2022. (Dkt. 12, 40). The later brief superseded the earlier brief, raising the same issues except that it omitted Salim's claim that he had not been provided with a docket number for his appeal. (*Compare* Dkt. 12 at 4, *with* Dkt. 40 at 6). After filing those briefs, in February 2022, Salim sought appointment, pursuant to the

Criminal Justice Act ("CJA"), of Bernard Kleinman, Esq. to represent him in this Court. (Dkt. 65). On June 9, 2022, this Court ordered that an attorney be appointed for Salim, unless he objected, from the CJA Panel, and that the parties brief, "among any other issues, (1) whether the district court's entry of a nolle prosequi is appealable; (2) whether [Salim] has standing to appeal; and (3) the merits of the appeal." (Dkt. 84). On June 24, 2022, this Court appointed Andrew H. Freifeld, Esq., to represent Salim on this appeal. (Dkt. 89).

10.    Mr. Freifeld sought and received two extensions of time to file a brief on behalf of Salim. (Dkt. 109, 113, 114, 118). In his second application for an extension of time, Mr. Freifeld explained that he wished to challenge the District Court's order granting leave to dismiss without prejudice the al Qaeda Indictments, but had concluded that such a challenge in this Court would likely be time barred, and therefore intended to help Salim to seek *coram nobis* relief in the District Court and to seek an order in this Court holding Salim's appeals in abeyance pending the District Court's resolution of Salim's *coram nobis* petition. (Dkt. 114). Salim then petitioned the District Court for *coram nobis* relief (D.C. Dkt. 2219), and moved in this Court, successfully, to hold his appeals in abeyance pending resolution of that petition (Dkt. 119, 123).

11.    On February 21, 2023, the District Court denied Salim's *coram nobis* petition. (D.C. Dkt. 2220). Salim timely filed a notice of appeal from that decision

(D.C. Dkt. 2221), which was docketed in this Court under docket number 23-6185

(*see* Dkt. 133).

12.    On March 14, 2023, this Court ordered Salim to inform the Court

whether he intended to supplement or replace his *pro se* brief previously filed in the

appeals filed under docket numbers 21-2442(L) and 21-3148(CON). (Dkt. 128). On

March 21, 2023, Mr. Freifeld informed this Court that he intended to replace the *pro

se* brief. (Dkt. 129). The following day, this Court deemed Salim's *pro se* brief

withdrawn, lifted all stays, consolidated Salim's three appeals (21-2442(L), 21-

3148(CON), 23-6185 (CON)), and ordered Salim to file his merits brief within 30

days. (Dkt. 132, 152). Following a short extension of that deadline (Dkt. 135, 139),

Salim filed his counseled brief and appendix on April 25, 2023 (Dkt. 140, 141). The

Government's brief is due on July 25, 2023. (Dkt. 148, 151).

13.    In a *pro se* filing that this Court entered on docket number 21-2442 and

forwarded to Mr. Freifeld for appropriate action on June 8, 2023, Salim sought: (a)

to add as a supplement to his counseled brief parts of his *pro se* brief, specifically

Points III and IV found at pages 19-24 of that brief; (b) to add as exhibits to his

counseled brief two documents: (i) a letter dated May 23, 2019 from Louis V. Fasulo,

Esq., who represented Salim in the District Court, to Salim, and (ii) a declaration by

Mr. Fasulo dated February 14, 2023; and (c) an order that Mr. Fasulo be deposed for

the purpose of having him make a statement about what he told Salim about his right

to appeal the District Court's order granting leave to file a nolle prosequi with respect to the al Qaeda Indictments and to correct what Salim asserted was an error in Mr. Fasulo's declaration. (Dkt. 155-2).

14.     On June 15, 2023, Mr. Freifeld wrote to the Clerk of this Court to join in Salim's application that the Court consider Point III of Salim's *pro se* brief, Mr. Fasulo's letter dated May 23, 2019, and Mr. Fasulo's declaration dated February 14, 2023. (Dkt. 156). Mr. Freifeld did not address Salim's request that the Court consider Point IV of Salim's *pro se* brief or Salim's request that Mr. Fasulo be deposed. (*Id.*).

15.     On June 21, 2023, Mr. Freifeld made the motion that is now pending, asking this Court to consider Salim's *pro se* filing entered on docket number 21-2442 on June 8, 2023, at docket entry number 155-2. (Dkt. 158). In his accompanying declaration, as in his June 15 letter, Mr. Freifeld asked that the Court consider Point III of Salim's *pro se* brief, Mr. Fasulo's letter dated May 23, 2019, and Mr. Fasulo's declaration dated February 14, 2023, but did not address Salim's request that the Court consider Point IV of Salim's *pro se* brief or Salim's request that Mr. Fasulo be deposed. (*Id.* at 2-9).[3]

---

[3] Most recently, on June 27, 2023, this Court filed and forwarded to Mr. Freifeld for appropriate action a *pro se* motion by Salim asking this Court to correct what he asserts is a typographical error in Mr. Fasulo's February 14, 2023 declaration, and what he asserts are two typographical errors in Mr. Freifeld's June 15 letter. (Dkt. 167). Mr. Freifeld has not yet taken any action with respect to this latest *pro se* motion, and the Government does not address it here.

**Salim's Motion Asking This Court to
Consider His *Pro Se* Filing Should Be Denied**

16.     This Court should deny Salim's motion to consider his *pro se* filing for

several reasons.

17.     A criminal defendant "has a right either to counsel or to proceed pro se,

*Faretta v. California*, 422 U.S. 806, 834 (1975), but has no right to 'hybrid'

representation, in which he is represented by counsel from time to time, but may slip

into pro se mode for selected presentations." *United States v. Rivernider*, 828 F.3d

91, 108 (2d Cir. 2016); *see also United States v. Walker*, 243 F. App'x 621, 622 (2d

Cir. 2007) ("This Court, like a trial court, is not obligated to allow [a defendant] to

follow a course of hybrid pro se representation under which he files both a counseled

and pro se brief."); *United States v. Montgomery*, 592 F. App'x 411, 415 (6th Cir.

2014) (recognizing a "prohibition against hybrid representation on appeal" because,

under Federal Rule of Appellate Procedure 31(a), "a defendant—whether

represented by counsel or proceeding *pro se*—must file a single brief. . . . Once the

defendant has done so, issues unaddressed by the original brief may not later be

raised."). Moreover, "[i]t is the very function of an effective legal counselor to select

among the available arguments and raise only 'the most promising issues for

review,'" so as to "avoid[] cluttering the court with unnecessary arguments that

would 'dilute the force of the stronger ones.'" *Weingarten v. United States*, 865 F.3d

48, 53 (2d Cir. 2017) (quoting *Jones v. Barnes*, 463 U.S. 745, 753-54 (1983)). And

because there is no right to hybrid representation, if counsel declines to take a position on behalf of a defendant, "it does not follow that the defendant has a right to" take that position on his own behalf. *Rivernider*, 828 F.3d at 108.

18.    There is especially little reason to permit hybrid representation here. Salim previously filed the *pro se* brief he now seeks to refile in part. (Dkt. 40). After filing that brief, Salim asked this Court to appoint a lawyer to represent him on appeal because, *inter alia*, he recognized that "this case is not a simple case that can be handled by a Pro Se prisoner. It is far too legally complex for Deft Salim to adequately research and argue. Thus, only an attorney can do this job." (Dkt. 65 at 3). This Court then appointed an attorney to represent Salim on appeal, but only after giving Salim an opportunity to decline that appointment (*see* Dkt. 84 at 1), an opportunity Salim chose not to avail himself of. With respect to Salim's previously filed *pro se* brief in particular, this Court explicitly asked Salim's counsel whether he intended to supplement or replace that brief (Dkt. 128), and Salim's counsel elected to replace the brief (Dkt. 129), leading this Court to deem the *pro se* brief withdrawn (Dkt. 132, 152). In addition, Salim's motion asking this Court to consider his *pro se* filing was made several weeks after his counseled brief was filed and only a few weeks before the Government's responsive brief is due. (*See* Dkt. 141, 151, 158).

19. Moreover, "arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *see also United States v. Hoodenpyle*, 461 F. App'x 675, 682 (10th Cir. 2012) (denying motion to file *pro se* submissions supplementing opening counseled brief because "[w]e see no reason to permit [defendant] to circumvent this court's general rule that we will not consider arguments that were not raised in an appellant's opening brief"). The argument for waiver of arguments not made in appellant's opening brief is particularly strong here. Salim did not simply fail to include in his opening brief his previously filed *pro se* brief; rather, he deliberately chose to replace rather than supplement his *pro se* brief. (Dkt. 129). Salim thus "intentional[ly] relinquish[ed] or abandon[ed]" his "known right" to retain and supplement his *pro se* brief. *United States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 1754 (2023).

20. In addition, this Court has already deemed Salim's *pro se* brief withdrawn (Dkt. 132, 152), and Salim has provided no "cogent and compelling reason" to revisit that ruling. *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011). Furthermore, were Salim now permitted to refile part of the *pro se* brief that was previously withdrawn, he would effectively circumvent the deadline set by this Court for filing his initial brief.

21.     Furthermore, several of Salim's requests in the *pro se* filing should be rejected for additional, independent reasons.

22.     With respect to Salim's request that this Court consider Point IV of his previously filed *pro se* brief, Salim's motion does not even attempt to argue that this Court should now accept that Point for filing. (Dkt. 158 at 2-9). Salim thus has abandoned his claim that Point IV of his *pro se* brief should be considered by this Court. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("[A]n appellant's failure to make legal or factual arguments constitutes abandonment" of a claim).

23.     This Court should also reject Salim's request that it consider Mr. Fasulo's letter dated May 23, 2019 and Mr. Fasulo's declaration dated February 14, 2023. (Dkt. 158 at 7-9). These documents are not part of the record on appeal; neither was "filed in the district court." Fed. R. App. P. 10(a). "[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record." *Dixon v. von Blanckensee*, 994 F.3d 95, 103 (2d Cir. 2021). There are no such extraordinary circumstances here. To start, based on their dates, Mr. Fasulo's letter and declaration were prepared before the District Court decided Salim's *coram nobis* petition on February 21, 2023—in the case of the letter, nearly four years before. (D.C. Dkt. 2220). Accordingly, Salim had an opportunity to file these documents in the District Court. While Mr. Freifeld asserts that he did not see the letter and declaration until after the *coram nobis* petition was filed and

did not have adequate time to amend the petition to include these documents (Dkt. 158 at 8-9 & nn. 3-4), there is no indication that Salim, who filed the *coram nobis* petition *pro se* (D.C. Dkt. 2219), did not have the ability to file these documents in the District Court. This is particularly true with respect to Mr. Fasulo's letter, which was addressed directly to Salim and presumably sent to him in May 2019. And to the extent that Salim received Mr. Fasulo's declaration belatedly, he could have explained those circumstances to the District Court and pursued a motion for reconsideration of the District Court's denial of the *coram nobis* petition.

24.     Moreover, "the allegedly new 'facts'" that Salim seeks to place before this Court through Mr. Fasulo's letter and declaration "are not remotely the type of uncontestable facts of which [this Court] may take judicial notice." *Ransmeier v. Mariani*, 718 F.3d 64, 70 (2d Cir. 2013). Indeed, Salim appears to seek to use these documents to draw questionable inferences without having afforded the parties and the District Court an opportunity to fully develop the record to determine whether these inferences are supported. In particular, Salim asks this Court to consider Mr. Fasulo's letter because he asserts that it supports his claims that Mr. Fasulo "did not know that Salim had the right to oppose the government's Rule 48(a) motion" and "was constitutionally ineffective." (Dkt. 158 at 8). Similarly, Salim asks this Court to consider Mr. Fasulo's declaration because he asserts that it supports his claim that Mr. Fasulo "was unaware that Salim had the right to oppose the Rule 48(a) motion."

(Dkt. 158 at 9). But in neither document does Mr. Fasulo say that he did not know, or was unaware, that Salim could oppose the Government's Rule 48(a) motion. (Dkt. 158 at 11, 13). Had Salim filed these documents in the District Court and in that court argued for the inferences he now claims should be drawn from the documents, the parties and the District Court could have developed the record further by exploring what Mr. Fasulo knew or did not know about any right of Salim to oppose the Government's Rule 48(a) motion. This Court should not permit the filing of non-record documents from which Salim will argue for inferences that the record, had these documents been part of it, may well have shown to be unwarranted. *Cf., e.g., United States v. Fiseku*, 915 F.3d 863, 874 (2d Cir. 2018) (declining to consider on direct appeal claim of ineffective assistance of counsel because, *inter alia*, direct review is "a stage at which the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection" and, in that case, "the record on appeal is silent as to defense counsel's conversations with [defendant] and strategic calculations . . . .").

25.     Lastly, this Court should reject Salim's request for an order that Mr. Fasulo be deposed. (Dkt. 155-2 at 7). Salim does not pursue this request in his motion (Dkt. 158 at 2-9), and therefore has abandoned it. *Debique*, 58 F.4th at 684. Moreover, Salim cites no authority, and the Government is aware of none, that permits this Court to order during a pending appeal a deposition of an appellant's

former lawyer for the purpose of having the lawyer make new statements to be used by the appellant in the pending appeal. *Cf.* Fed. R. App. P. 10(a) (the record on appeal comprises "the original papers and exhibits filed in the district court"; "the transcript of proceedings, if any"; and "a certified copy of the docket entries prepared by the district clerk").

26.    In sum, Salim's motion, dated June 21, 2023, asking this Court to consider Salim's *pro se* filing entered on docket number 21-2442 on June 8, 2023, at docket entry number 155-2, should be denied. In addition, the Government respectfully requests that when the Court resolves this motion, it extend the due date for the Government's brief to a date three weeks after the date of resolution of the motion if the motion is denied, or to a date 45 days after the date of resolution of the motion if the motion is granted in whole or in part.

Dated:        New York, New York
              July 10, 2023

                                        /s/ Stephen J. Ritchin
                                        STEPHEN J. RITCHIN
                                        Assistant United States Attorney
                                        Tel.: 212-637-2503

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel hereby certifies that this motion complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare this motion, there are 3,474 words in this motion.

> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
>
> By:   STEPHEN J. RITCHIN
>         Assistant United States Attorney
>         Tel.: 212-637-2503